UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CITIZENS BANK OF MASSACHUSETTS,<br>Plaintiff<br><br>V.<br><br>HARRIETT ROSTOFF and KAREN HARRIS,<br>Defendants | CIVIL ACTION NO.<br><br>MAGISTRATE JUDGE Alexander<br><br>03-12442-WGY |

## COMPLAINT

Citizens Bank of Massachusetts ("Bank"), brings this action for satisfaction of certain outstanding judgments pursuant to G.L. c. 109A, §§1-13, the Massachusetts Fraudulent Conveyance Act [as it was in effect prior to its amendment effective October 6, 1996], and various common law theories of recovery.

### JURISDICTION AND VENUE

1.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1). Venue is proper in this district pursuant to 28 U.S.C. §1391(a)(2).

### PARTIES

2.  The defendants have, at all time relevant, transacted business through KHR Properties, Inc., a Massachusetts corporation. This claim arises from those transactions.

3.  The plaintiff, Citizens Bank of Massachusetts (the "Bank") is a duly formed banking institution with a usual place of business located at 53 State Street, Boston, Massachusetts and is the successor-in-interest to USTrust ("UST").

4. The Bank is the holder of an unsatisfied Execution against David Rostoff dated January 19, 1995 in the amount of $250,270.50 issued in the case of <u>USTrust f/k/a USTrust/Norfolk v. James Harris, David Rostoff, Neil Rostoff, Richard Rostoff and Steven Rostoff, et al.</u>, Suffolk Superior Court, Civil Action No. 94-1237 ("Rostoff Execution"). A true copy of the Rostoff Execution is attached as **Exhibit A.**

5. The Bank is the holder of a second unsatisfied Execution against James Harris dated January 19, 1995 in the amount of $203,539.20 issued in the case of <u>USTrust f/k/a USTrust/Norfolk v. James Harris, David Rostoff, Neil Rostoff, Richard Rostoff and Steven Rostoff, et al.</u>, Suffolk Superior Court, Civil Action No. 94-1237 ("Harris Execution"). A true copy of the Harris Execution is attached as **Exhibit B.**

6. The Bank is the holder of a third unsatisfied Execution against James Harris, David Rostoff, Neil Rostoff, Richard Rostoff and Steven Rostoff, jointly and severally dated January 19, 1995 in the amount of $21,778.30 issued in the case of <u>USTrust f/k/a USTrust/Norfolk v. James Harris, David Rostoff, Neil Rostoff, Richard Rostoff and Steven Rostoff, et al</u>, Suffolk Superior Court, Civil Action No. 94-1237 ("Rostoff/Harris Execution"). A true copy of the Rostoff/Harris Execution is attached as **Exhibit C.**

7. The defendant, Harriett Rostoff, resides at 1500 South Ocean Boulevard, Unit S-403, Boca Raton, Florida 33432. At all times relevant, Harriett Rostoff has been the wife of the judgment debtor, David Rostoff.

8. The defendant, Karen Harris, resides at 15 The Woods, Kennebunk, Maine 04043. At all times relevant, Karen Harris has been the wife of the judgment debtor, James Harris.

## FACTUAL ALLEGATIONS

9. In 1992, David Rostoff and James Harris were convicted in this Court of committing, among other things, bank fraud, false statements, and conspiracy, and were ordered to serve sentences of incarceration, probation, and payment of restitution to the Federal Deposit Insurance Corporation. See U.S. v. Rostoff, 966 F. Supp. 1275 (D. Mass. 1997) (opinion relating to collection of restitution describes convictions). A true copy of which is attached as **Exhibit D**.

10. In 1995, David Rostoff, James Harris, Harriett Rostoff, and Karen Harris acted to avoid and defeat creditors by transferring substantially all assets controlled by David Rostoff and James Harris, in the conduct of various joint ventures, to Harriett Rostoff and Karen Harris, who took title to said assets under the name of KHR.

11. KHR was established by the defendants and exists for the sole purpose of receiving transfers of the joint venture assets of the judgment debtors, and thereby hindering, delaying or defrauding their creditors. All such transfers were made for less than fair consideration.

12. Until October, 1995, the judgment debtors owned a 36-unit apartment complex in Peoria, Illinois, through the Hickory Ridge Limited Partnership. As of October, 1995, their interest was valued at approximately $1,462,000.00.

13. In October, 1995, the judgment debtors transferred their interest in Hickory Ridge, LP to Harriett Rostoff and Karen Harris through KHR, rendering David Rostoff and James Harris insolvent and with the intent to hinder, delay, and defraud their creditors, including the Bank. See United States of America v. Rostoff et. al., 966 F. Supp. 1275 (D. Mass. 1997). See **Exhibit D**.

14. By design, the judgment debtors received nothing from their wives as consideration for the conveyance of their interest in Hickory Ridge, LP.

15. The judgment debtors continued to control assets fraudulently transferred to the defendants as if no transfer had occurred.

16. Upon information and belief, during the period 1995-1996 the defendants took, in the names of entities established to receive and hold fraudulently transferred assets, an "owners draw" totaling over $247,000.00 from Hickory Ridge. See Report of Christopher C. Barry, United States of America v. David and Steven Rostoff, p.7 (April 17, 1997) attached as **Exhibit E**.

17. Upon information and belief, during the period 1994-1995, the defendants took, in the names of entities established to receive and hold fraudulently transferred assets, "Partner Management Fees" totaling over $35,000.00 from Hickory Ridge. Id.

18. Upon information and belief, during the period 1994-1996, the defendants took, in the name of entities established to receive and hold fraudulently transferred assets, "draw" amounts totaling over $876,000.00 attributable to other assets fraudulently transferred to them in the name of KHR; Id at 6.

19. Upon information and belief, the proceeds of assets fraudulently conveyed by the judgment debtors to the defendants or other resources attributable to the judgment debtors have been used by the defendants in the acquisition and development of new assets, including Knoxville Place, a 22-acre residential and commercial real estate project in Peoria, Illinois. In equity, such assets are held subject to the claims of the creditors of David Rostoff and James Harris.

20. David Rostoff failed to disclose his true continuing interest in assets held through his wife or the continuing proceeds therefrom as he filed for bankruptcy protection and received a discharge of his prior debts on June 28, 2002. See In Re Rostoff, U.S. Bankruptcy Court for the

Southern District of Florida Petition #02-31464 (2002). However, the effect of such order is merely to prohibit recovery of the debt from him. The debt owed the Bank continues to the extent it may be collected from others. See Citizens Bank v. Callahan, 38 Mass. App.Ct. 702, 704 (1995).

21. James Harris failed to disclose his true continuing interest in assets held through his wife or the continuing proceeds therefrom as he filed for bankruptcy protection and received a discharge of his prior debt on September 7, 2003. See In Re Harris, U.S. Bankruptcy Court for the District of Maine Petition #03-20902-jbh (2003). However, the effect of such order is merely to prohibit recovery of the debt from him. The debt owed the Bank continues to the extent it may be collected from others. Citizens Bank v. Callahan, 38 Mass. App.Ct. 702, 704 (1995).

22. The fraudulent bankruptcies of David Rostoff and James Harris are part of a continuing scheme through which they conspired with Harriett Rostoff and Karen Harris to avoid, frustrate, and finally defeat the just claims of their creditors.

## COUNT I
### (Fraudulent Conveyance - M.G.L. c. 109A, §§1-13 [Pre-1996 Amendment])

23. The Bank realleges and incorporates Paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24. David Rostoff and James Harris, while insolvent or with actual intent to defraud creditors, transferred substantially all of their assets to Harriett Rostoff and Karen Harris, who took said assets in the name of KHR, Inc.

25. David Rostoff and James Harris did not receive a reasonably equivalent value in exchange for said transfers.

26. The Bank suffered damage as a result of such fraudulent conveyances for which defendants are liable under G.L. c. 109A, §9(b).

## COUNT II
### (Resulting Trust)

27. The Bank realleges and incorporates Paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28. David Rostoff and James Harris acquired certain assets in the names of Karen Harris and Harriett Rostoff including but not limited to an ownership interest in KHR and Knoxville Place.

29. Harriett Rostoff and Karen Harris hold said assets in resulting trust for the benefit of the creditors of David Rostoff and James Harris, including the Bank.

30. Such assets held by Harriett Rostoff and Karen Harris in resulting trust may be reached and applied in satisfaction of debts due to creditors.

## COUNT III
### (Constructive Trust)

31. The Bank realleges and incorporates Paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32. Harriett Rostoff and Karen Harris acquired certain assets under circumstances where fraud or unjust enrichment would result unless a constructive trust is imposed.

33. Such assets held by Harriett Rostoff and Karen Harris in constructive trust may be reached and applied in satisfaction of debts due to creditors.

WHEREFORE, the plaintiff, Citizens Bank of Massachusetts, demands that the Court:

    a. Enter judgment for it and against the defendants Harriett Rostoff and Karen Harris, jointly and severally, in the amount of its damages;

    b. Preliminarily enjoin Harriett Rostoff and Karen Harris, their agents and assigns, from directly or indirectly transferring, selling, pledging, conveying, or otherwise

disposing of property, rights or any interest in property outside the ordinary course of their business pending trial, whether acting in their individual capacities or on behalf of any other entity;

    c. Compel the defendants, Harriett Rostoff and Karen Harris to account for all assets which they have received, directly or indirectly from the judgment debtors and all proceeds derived therefrom;

    d. Declare that the defendants, Harriett Rostoff and Karen Harris, hold assets, including but not limited to that development in Peoria, Illinois, known as Knoxville Place, in constructive or resulting trust for the benefit of the judgment debtors, David Rostoff and James Harris, and that the same be reached and applied against the Bank's judgments; and

    e. Such other and further relief as this Court deems just and proper.

CITIZENS BANK OF MASSACHUSETTS

By its attorney,

_/s/ Philip J. McGovern_

Robert L. Hamer, Esq., BBO #218715
Philip J. McGovern, Esq., BBO #559824
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax:   (508) 791-8502

Dated: December 3, 2003