**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CITIZENS BANK OF MASSACHUSETTS, ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No. 03-12442-WGY |
| ) | |
| HARRIET ROSTOFF and ) | |
| KAREN HARRIS, ) | |
| Defendants ) | |

*Memorandum of Law and Statement of Reasons in Support of*
**DEFENDANTS' MOTION TO DISMISS, OR, IN THE ALTERNATIVE, FOR REMAND OF ACTION TO MASSACHUSETTS SUPERIOR COURT, OR, IN THE ALTERNATIVE, FOR ABSTENTION AND DISMISSAL OR STAY OF FEDERAL COURT PROCEEDINGS PENDING RESOLUTION OF SUPERIOR COURT PROCEEDINGS**

**I.   Background**

This diversity action involves claims by Plaintiff Citizens Bank of Massachusetts ("Plaintiff") against Defendants Karen Harris and Harriet Rostoff ("Defendants") arising out of an alleged fraudulent scheme involving the Defendants and their husbands in which the husbands allegedly conveyed substantially all of their assets relating to various joint ventures to the Defendants under the name of KHR Properties, Inc. ("KHR"), the Massachusetts corporation owned entirely by the Defendants.

For the reasons stated below, this Action should be dismissed. In the alternative, this Action should be remanded to the Massachusetts Superior Court sitting at Suffolk County (Civil Action Number 03-2798-G). Further in the alternative, this Honorable Court should abstain from exercising its jurisdiction over this action and/or stay these proceedings until final resolution of the Massachusetts Superior Court proceeding.

## II.   Facts

### A.   The Federal Court Action

For the purposes of the Defendants' Motion to Dismiss, the Defendants and this Court are obliged to take all facts alleged in the Complaint as true and grant all reasonable inferences in favor of the Plaintiff. In re Allaire Corporation Securities Litigation, 224 F.Supp. 319, 321 (D. Mass. 2002). A copy of the Complaint in this Action is attached as **Exhibit 1** for the Court's convenience. In this Action, the Plaintiff has brought claims for (1) fraudulent conveyance under the pre-1996 version of Mass.Gen.Laws c. 109A; (2) resulting trust; and (3) constructive trust. The Plaintiff seeks the following relief against the Defendants: (1) judgment against the Defendants in the amount of the Plaintiff's alleged damages; (2) preliminary injunction to enjoin the Defendants and their agents and assigns from transferring, selling, pledging, conveying, or otherwise disposing of property outside the ordinary course of business; (3) an accounting for all assets received by the Defendants from their husbands; and (4) a declaration that the Defendants hold assets in constructive or resulting trust for the benefit of their husbands and that the same be reached and applied against the Plaintiff's allegedly viable judgments.

### B.   The State Court Action

For the purposes of all of the Defendants' motions herein, a copy of the Complaint in the Massachusetts Superior Court action is attached as **Exhibit 2**. In the Superior Court action, the Plaintiff has brought claims against KHR arising out of the same alleged fraudulent conveyance involved in this Federal Action. Specifically, the Plaintiff seeks, among other things, a declaration that its alleged security interest in David Rostoff's limited partnership interests in Tanglewood Limited Partnership is valid, seeks a declaration that the Plaintiff is the owner of David Rostoff's limited partnership interests, and seeks an accounting by KHR of all partnership

2

distributions and payment of the amount attributable to David Rostoff's interests. The Plaintiff seeks the following relief against KHR in the Superior Court action: (1) preliminary injunction to enjoin KHR from transferring, selling, conveying, or otherwise disposing of property outside the ordinary course of business; (2) a declaration that the Plaintiff's alleged security interest in David Rostoff's limited partnership interests in Tanglewood Limited Partnership transferred to KHR is valid and the Plaintiff's prior release of that interest rescinded; (3) a declaration that the Plaintiff owns the limited partnership interests in Tanglewood Limited Partnership originally pledged by David Rostoff; and (4) an accounting for all partnership distributions received since January 19, 1995 and payment to the Plaintiff of an amount attributable to the shares pledged by David Rostoff.

### III.  Argument

**A.   The Complaint Should Be Dismissed Under the "Prior Pending Action" Doctrine, Or, In the Alternative, Remanded to the Suffolk County Superior Court for Consolidation With the Superior Court Action**

"When the pendency of [a prior] suit is set up to defeat another, the case must be the same. There must be the same parties, or, at least, such as represent the same interest, there must be the same rights asserted and the same relief prayed for. This relief must be founded on the same facts, and the title, or essential basis of the relief sought, must be the same." United States v. The Haytian Republic, 154 U.S. 118, 124 (1894)(quoting Watson v. Jones, 13 Wall. 679, 715. "The statement of a different form of liability is not a different cause of action, provided it grows out of the same transaction, act, or agreement, and seeks redress for the same wrong." Mackintosh v. Chambers, 285 Mass. 594, 596-97 (1934). Forman v. Wolfson, 327 Mass. 341, 343 (1951), *cert. denied*, 342 U.S. 888 (1951).

In this Federal Action and the Superior Court action, the Plaintiff is the same. The interests represented by the Defendants in this Federal Action are the same as those represented by KHR in the Superior Court Action. Indeed, the Plaintiff concedes as much in its Federal Complaint when it states, in Paragraph 2, that the Defendants have transacted business through KHR and that the Plaintiff's claims against the Defendants arise out of those transactions. In the Superior Court action, the Plaintiff seeks redress for the alleged fraudulent conveyance by the Defendants' husbands to KHR, the corporation owned equally by the Defendants. The claims in this Federal Action and the Superior Court action, therefore, involve parties who represent identical interests.

Though they are cleverly worded in an effort to avoid being characterized as such, the rights asserted by and prayers for relief claimed by the Plaintiff in this Federal Action are the same. In both cases, the Plaintiff alleges that it was the victim of a fraudulent conveyance by David Rostoff and James Harris to a corporation owned equally by the Defendants. In both cases, the Plaintiff seeks to enjoin KHR and the Defendants from transferring or disposing of any property outside of the ordinary course of business. In both cases, the Plaintiff seeks an award of damages. The nominally different forms of liability asserted by the Plaintiff in the two cases are not different causes of action because they all derive from the same transaction and seek redress for the same wrong. *See* Mackintosh v. Chambers, 285 Mass. 594, 596-97. All of the claims in this Federal Action could have been brought in the Superior Court action; the Plaintiff "cannot split his cause of action based on the same facts." In the Matter of Alan S. Canter, 1 B.R. 172, 176 (Bkrtcy. Mass., 1979)(quoting Willett v. Webster, 337 Mass. 98, 102 (1958))

For these reasons, under the holding of United States v. The Haytian Republic, 154 U.S. 118, this Federal Action should be dismissed because there is a prior suit pending in the

4

Massachusetts Superior Court that can address and protect all of the rights of the parties, including the Plaintiff's. In the alternative, but for the same reasons that dismissal is appropriate, the Defendants request that this Court remand this Action to the Suffolk County Superior Court to be consolidated with the Superior Court action against KHR.

**B.     In the Alternative, the Court Should Abstain From Exercising Its Jurisdiction Over This Action and Dismiss or Stay These Proceedings Until Final Resolution of the Massachusetts Superior Court Proceeding**

Abstention, under which a Federal District Court may decline to exercise or postpone the exercise of jurisdiction, "is the exception, not the rule." Colorado River Water Conservation District v. United States, 424 U.S. 800, 813 (1976). Abstention can be justified "where the order to the parties to repair to the State court would clearly serve an important countervailing interest." *Id.*, at 813. The two actions must be parallel before abstention can be considered. That is, "substantially the same parties litigate substantially the same issues in the state and federal forums." Britton v. Britton, 223 F.Supp.2d 276, 283 (D. Me. 2002). While the two cases cannot be based on different underlying facts and different legal theories for purposes of abstention, exact similarity of the issues is not a prerequisite. *Id.*, at 283.

The Supreme Court has recognized four distinct situations in which abstention is proper. The fourth and newest rests "on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Colorado River, *supra*, 424 U.S. at 817. This doctrine has been relied on by federal courts "to eliminate duplicative state and federal litigation, ease docket crowding, and avoid piecemeal litigation." Shepard v. Egan, 767 F.Supp. 1158, 1163 (D. Mass. 1990). While federal courts should abstain only under exceptional circumstances due to their unflagging obligation to exercise the

jurisdiction given them, they may properly abstain where a balance of the relevant factors weighs in that direction. *Id.*, at 1164.

The factors that a federal court must consider when deciding whether to abstain from jurisdiction include: (1) the federal court's obligation to exercise its jurisdiction, (2) the inconvenience of the federal forum, (3) the desirability of avoiding piecemeal litigation, (4) the order in which jurisdiction was obtained in the concurrent forums, (5) whether state or federal law provides the rule of decision, and (6) whether the state court would adequately protect the plaintiff's rights. Colorado River, *supra*, 424 U.S. at 817-19; Moses H. Cone Hospital v. Mercury Construction Corporation, 460 U.S. 1, 23 (1983); and Rey v. Classic Cars, 762 F.Supp. 421, 426 (D. Mass 1991). "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." Colorado River, 424 U.S. at 818-19.

Allowing this Federal Action to proceed while a parallel action is pending in the Massachusetts Superior Court would create piecemeal litigation. As stated in Section II(A) above, the claims in this Federal Action and the Superior Court action involve parties who represent identical interests. The rights asserted by the Plaintiff, as well as the prayers for relief claimed by the Plaintiff, are the same in both cases. In both cases, the Plaintiff alleges that it was the victim of a fraudulent conveyance by David Rostoff and James Harris to the Defendants' corporation, KHR. In both cases, the Plaintiff seeks to enjoin KHR and the Defendants from transferring or disposing of any property outside of the ordinary course of business. And both cases seek an award of damages against the Defendants and KHR. The parties' discovery burdens would be twofold if both cases were permitted to proceed. As was the case in Shepard, *supra*, 767 F.Supp. 1158, "[t]he prospect of discovery in two courts for the same matter would

certainly impede the orderly and efficient disposition of the entire matter." *Id.*, at 164. Similarly, piecemeal litigation "will prove costly and troublesome to the parties." *Id.*, at 164. This Court has stated that it "wishes to discourage piecemeal litigation, especially where the matter involves a question arising from the same factual background." *Id.*, at 1164.

The Superior Court action was filed first. This factor, *i.e.*, the order in which the forums obtained jurisdiction, is flexible in that it requires the Court to "look beyond the date of filing and to examine which suit is more advanced." Britton, *supra*, 223 F.Supp at 285. In the Superior Court action, the parties have already engaged in substantial litigation and have begun to exchange discovery requests and responses and to schedule depositions. *See* **Exhibit 3 – Docket for Superior Court Action; Exhibit 4 – Correspondence Between Counsel for the Parties.** In this Federal Action, the issues have not even yet been joined.

With all of the causes of action asserted by the Plaintiff in this Federal Action, Massachusetts law provides the rules of decision. None of the Plaintiff's claims is governed by Federal law. As Judge Gertner stated in American Management Services, Inc. v. George S. May International Co., 933 F.Supp. 64 (D. Mass. 1996), there is a paramount State interest in this Action, and there is an absence of any Federal interest. *Id.*, at 71.

Finally, as this Court is certainly aware, the Massachusetts Superior Court is eminently capable of protecting the parties' rights, especially those of the Plaintiff. The Superior Court has subject matter jurisdiction over the state claims asserted by the Plaintiffs in this Federal Action. There is no reason why the Plaintiff's claims here against the Defendants, the owners of the defendant corporation in the Superior Court case, cannot be adequately and properly determined in that court. The claims against the Defendants here and the claims against KHR in the Superior court action are all based and dependent upon the same operative facts.

7

This Federal Action presents exceptional circumstances such that abstention and dismissal or stay is appropriate. As stated above, notions of efficiency and judicial economy suggest that this Court abstain from exercising its jurisdiction in this Federal Action and dismiss this Action or stay these proceedings until a final determination is made in the Superior Court action.

## IV. Conclusion

For the reasons stated above, Defendants Karen Harris and Harriet Rostoff respectfully request that this Honorable Court dismiss this Action pursuant to the "prior pending action" doctrine. In the alternative, the Defendants request that this Action be remanded to the Massachusetts Superior Court sitting at Suffolk County and consolidated there with Civil Action Number 03-2798-G. Further in the alternative, the Defendants request that this Court abstain from exercising its jurisdiction over this action and dismiss or stay these proceedings until final resolution of the Massachusetts Superior Court proceeding.

Harriet Rostoff and Karen Harris,
By Their Attorneys,

Robert L. Holloway, Jr., BBO #238560
William H. Sheehan III, BBO #457060
Thomas J. Flannagan, BBO #564328
MacLEAN HOLLOWAY DOHERTY ARDIFF & MORSE, P.C.
8 Essex Center Drive
Peabody, MA  01960
(978) 774-7123

Date: January 9, 2004