UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CITIZENS BANK OF MASSACHUSETTS, Plaintiff<br><br>V.<br><br>HARRIETT ROSTOFF and KAREN HARRIS, Defendants | CIVIL ACTION NO. 03-12442-WGY |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS**

**NATURE AND STATUS OF PROCEEDINGS**

The Bank holds judgments against David Rostoff and James Harris totaling $475,588.00. In this diversity action aimed at satisfying its judgments, Citizens Bank of Massachusetts ("Bank") alleges that the actions of their wives, Harriett Rostoff ("Ms. Rostoff") and Jean Harris ("Ms. Harris"), render them directly liable to it under the Massachusetts Fraudulent Conveyance Act ("MFCA"), as effective prior to its amendment in October 1996 to conform with the Uniform Fraudulent Transfer Act. The Bank also seeks a declaration that certain assets are held by defendants in resulting or constructive trust so that the same may be reached and applied against its judgments.

For many years, the judgment debtors were engaged in a number of joint business ventures. In October, 1995, the defendants acted in concert with their husbands in arranging the fraudulent transfer of the husbands' interests in the Hickory Ridge Apartments, a 36-unit residential apartment complex in Peoria, Illinois. As of the time of transfer, Hickory Ridge was the only asset of the judgment debtors available to satisfy their obligations to the Bank. Their

interest in Hickory Ridge was transferred to KHR Properties, Inc. ("KHR"), a Massachusetts corporation nominally owned by the defendants, but controlled by their husbands. The fraudulent transfer of their interest in Hickory Ridge rendered the husbands insolvent.

By action commenced on June 11, 2003, and pending in the Suffolk Superior Court, the Bank seeks certain specific relief against KHR in satisfaction of its judgments by way of enforcing a security interest granted by the husbands against another apartment complex which they previously owned in Hammond, Indiana. The only issues raised in this state court action involve the Bank's right to possess and execute against particular property subject to the Bank's continuing security interest. KHR is the only party defendant. No damages of any sort are sought against it in that litigation. See Citizens Bank of Massachusetts v. KHR Properties, Inc., No. 03-2798-G (Mass. Super. Ct. Suffolk County filed June 11, 2003). A true copy of the Bank's complaint in that action is attached as **Exhibit A**.

The defendants move to dismiss the Bank's complaint against them in this Court based upon the pendency of the state court action against KHR seeking enforcement of its security interest. Defendants argue that: (1) the Bank's complaint violates a common law "prior pending action doctrine;" and (2) this case falls into a narrow category of cases where "exceptional circumstances" would compel this Court to abstain from exercising jurisdiction. See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976).

Defendants' motion should be denied where any disputed issues in this case are wholly separate from those raised in the state court action and the only common issue, whether the judgment debtors were insolvent at times relevant and acted with fraudulent intent, has already

been decided against them in prior litigation before this Court.[1]  See United States v. Rostoff, 966 F. Supp. 1275, 1281 (D. Mass. 1997); United States v. Rostoff, 164 F.3d 63, 71 (1st Cir. 1999). No "exceptional circumstances" require the Court's abstention from an action relating to litigation previously brought before it. See Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1, 19 (1983).

I.  **ARGUMENT**

    A.    THE COMMON LAW "PRIOR PENDING ACTION DOCTRINE" DOES NOT PREVENT SIMULTANEOUS ADJUDICATION OF AN ISSUE BEFORE BOTH STATE AND FEDERAL COURTS.

The defendants' initial argument is that a federal complaint that raises an issue of fact already pending in a separate action before a state court must be dismissed under a common law prior pending action doctrine. The argument is confused and misplaced. The defendants cite no rule that supports such result in the procedural posture of this litigation. That a complaint pending before this court "relates" to an action pending before a state court is not grounds for its dismissal.

Defendants argue from the general proposition that state courts should not simultaneously hear duplicative complaints, and a Nineteenth Century United States Supreme Court case stating a similar proposition relative to multiple federal court districts. See Mackintosh v. Chambers, 285 Mass. 594 (1934); The Haytian Republic, 154 U.S. 118 (1894). Defendants fail to articulate the degree of "relatedness" required to trigger such a rule or, in comparing this action with the Suffolk litigation, which aspects of the claims are so duplicative as to support dismissal of the Bank's complaint. While both actions regard collection of the same underlying judgments, a

---

[1] The Bank intends to raise arguments of issue preclusion in this case based upon findings made by this Court in such prior proceedings. See Rogers v. Town of Northborough, 188 F. Supp.2d 10 (D. Mass. 2002); Apparel Art Int'l, Inc. v. Amertex Enters., Ltd., 48 F.3d 576 (1st Cir. 1995); Monarch Life Ins. Co. v. Ropes & Gray, 65 F.3d 973 (1st Cir. 1995); Faigin v. Kelly, 184 F.3d 67 (1st Cir. 1999).

careful comparison of the two complaints demonstrates that the only common issue has already been determined against the defendants.

In previous litigation before this Court, judgment issued on complaints filed by the United States government. The government's complaints engaged substantially the same legal theories and factual allegations as the Bank raises in this diversity action. See United States v. Rostoff, 966 F. Supp. at 1281; United States v. Rostoff, No. 97-11748-WGY (D. Mass.); United States v. Rostoff, 164 F.3d at 71. Among the issues determined by this Court was whether, in October 1995, the judgment debtors transferred their interests in the Hickory Ridge apartment complex to the defendants for less than fair consideration, and thereby rendered themselves insolvent. United States v. Rostoff, 966 F. Supp. at 1281.

Issue preclusion applies where:

- The present action and prior action involve the same issue of law or fact;

- The issue was actually litigated in the prior action and the parties to the present action had a full and fair opportunity to litigate the issue;

- Judgment in the prior action was final and binding; and

- Resolution of the issue was essential to judgment in the prior action.

Rogers v. Town of Northborough, 188 F. Supp.2d 10, 13 (D. Mass. 2002); Apparel Art Int'l, Inc. v. Amertex Enters., Ltd., 48 F.3d 576 (1st Cir. 1995); Monarch Life Ins. Co. v. Ropes & Gray, 65 F.3d 973 (1st Cir. 1995); Faigin v. Kelly, 184 F.3d 67 (1st Cir. 1999).

Here, there is an exact identity between the issue here in this litigation and the prior federal prosecution concerning the nature of the subject transfer and its consequence. Further, the issue was "actually litigated" in the prior proceeding. In its opinion upholding this Court's finding of fact, the First Circuit Court of Appeals expressly recognized that the issue was litigated on the merits through an adversarial process, that the district court heard evidence,

assessed the credibility of witnesses, and decided to adopt certain findings of the government's forensic accounting expert. See United States v. Rostoff, 966 F. Supp. at 1281; United States v. Rostoff, 164 F.3d at 71. Although the defendants were not parties to the litigation where this court made its factual findings, they were parties to the subsequent complaint in which the United States government made the same claims based on the same legal theories and factual allegations. See United States v. Rostoff, No. 97-11748-WGY (D. Mass.). In that case the defendants in this action had their "full and fair opportunity to litigate" the issues, but chose not to in favor of settlement with the government. Id. Further, this Court's prior decision was made in a binding and final judgment and the decision was essential to the judgment. As such, the prior findings which support that claim are binding upon them. Rogers, 188 F. Supp.2d at 14 – 15.

In addition, the state court rule of procedure argued by defendants and embodied in Massachusetts Rule of Civil Procedure 12(b)(9) obviously has no application here. There is no comparable federal rule and principles regarding duplicative complaints in multiple federal districts are also inapposite. There is no rule which requires dismissal of a federal case relating to a pending state court action and even if there was, the remaining issues in this action are not so related to those in the Suffolk Superior Court litigation as to support dismissal.

B.  THERE ARE NO EXTRAORDINARY CIRCUMSTANCES NECESSITATING ABSTENTION.

Defendants demand that this Court abstain from exercising jurisdiction because the litigation will require the Court to decide, *inter alia*, an issue also a part of the Bank's claim pending before the Suffolk Superior Court. Even if that argument would otherwise stand as a sufficient basis for abstention, defendants ignore that the only common issues between the cases

has already been decided against them. For purposes of both litigations, that issue is now undisputed and defendants are precluded from challenging this Court's findings.

Defendants argue that where an issue is pending before a state court that can adequately protect both parties, the federal court is required to abstain from deciding the issue to avoid "piecemeal litigation." Such an argument extends Colorado River far beyond the fundamental premise that abstention is a narrow exception to the rule that federal courts must exercise their duly invoked jurisdiction, except under "extraordinary circumstances" where explicit congressional deference or unsettled questions of state law make the state forum uniquely appropriate.

"Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." Colorado River, 424 U.S. at 817 (citing McClellan v. Carland, 217 U.S. 268 (1910)). A federal court may abstain from exercising its jurisdiction only where "exceptional circumstances" make a matter uniquely appropriate for the state court to decide. Burns v. Watler, 931 F.2d 140, 145 (1st Cir. 1991). "(T)he narrow exception exists only where piecemeal adjudication gives rise to special complications" as were present in Colorado River. Rojas-Hernandez v. Puerto Rico Elec. Power Auth., 925 F.2d 492, 496 (1st Cir. 1991). The "exceptional circumstances" in Colorado River were created by the McCarron Amendment to the Colorado River Act, whereby the federal government expressly assented to state court jurisdiction of actions involving the adjudication of water rights. The State of Colorado had established specialized engineering, administrative, and judicial systems to adjudicate such rights. Colorado River, 424 U.S. at 820. While the federal court technically retained jurisdiction, the Supreme Court in Colorado River recognized that exercising that jurisdiction as

an alternative to the specialized state procedure recognized under the McCarron Amendment would present a "special complication" that threatened a high degree of inefficiency, and remedied it by carving out a very narrow exception to federal jurisdiction through abstention. Rojas-Hernandez, 925 F.2d at 496.

The Colorado River court emphasized that abstention is the rare exception that does not undermine the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." Colorado River, 424 U.S. at 817 (citing England v. Medical Examiners, 375 U.S. 411 (1964)). Later, in Cone Memorial Hospital, the Supreme Court again emphasized the heavy presumption in favor of federal jurisdiction, holding that the District Court there abused its discretion when it abstained from deciding whether to enforce a contract arbitration clause which was already the subject of related state court litigation. Cone, 460 U.S. at 19. Without "the requisite exceptional circumstance" present in Colorado River, abstention was not appropriate. Id.

In Burns, the First Circuit Court of Appeals noted "that the principle that federal courts are obligated to determine a case once federal subject matter jurisdiction has been properly invoked was established early in the history of our system of courts." Burns, 931 F.2d at 145 (citing Cohens v. Virginia, 6 Wheat. (19 U.S.) 264 (1821) ("we have no more right to decline the exercise of jurisdiction that is given, than to usurp that which is not given.")). Consistent with this fundamental premise of federalism, the First Circuit expressly recognized that, "when a state court and a federal court enjoy concurrent jurisdiction over a particular suit, they both may, and, under some circumstances, must, proceed with the respective litigations simultaneously." Burns, 931 F.2d at 145. In Burns, the First Circuit held that, "the pendency of an overlapping state court

suit is an insufficient basis in and of itself to warrant dismissal of a federal suit." Id. Abstention under Colorado River requires "exceptional circumstances." Id.

Every case where the First Circuit has upheld abstention has plainly involved "exceptional circumstances" which make the state forum uniquely appropriate for resolution of the issues at hand. See Currie v. Group Ins. Comm'n, 290 F.3d 1, 11 (1st Cir. 2002). (question of whether state employee health plan provides certain benefits for mental health care was an unclear issue of state law that created an "exceptional circumstance"); Villa Marina Yacht Sales, Inc. v. Hatteras Yachts, 947 F.2d 529, 534 (1st Cir. 1991) (question of whether Puerto Rico would recognize a non-contractual cause of action for interference with business relations was an unclear issue of commonwealth law that created an "exceptional circumstance"). There are no "exceptional circumstances" applicable here sufficient to impact the ordinary balance of federalism and require this Court's abstention.

Beyond the lack of "exceptional circumstances" required to justify abstention, the federal and state proceedings do not to even trigger the Colorado River analysis because they are not parallel within the contemplation of that rule. Britton v. Britton, 223 F. Supp.2d 276, 283 (D. Me. 2002). In Britton the party moving for federal abstention argued that a federal complaint of illegal wiretapping duplicated a factual allegation pending in the parties' state court divorce litigation. Citing Colorado River, the moving party argued that the federal district court judge should abstain and allow the state court to decide the factual issue. However, recognizing that the legal theory underlying the federal complaint was different from that on which the state court action was based, the court held that the claims were "not sufficiently parallel to implicate the Colorado River doctrine." Id.; McLaughlin v. United Virginia Bank, 955 F.2d 930, 935 (4th Cir.

1992) (even where claims are "virtually identical" they are not parallel where the remedy sought and the issues raised are not the same).

Here, the Bank's state court complaint raises issues and seeks remedies which are plainly distinct from those sought in this action. While the ultimate aim of both cases is satisfaction of the underlying judgments, the parties defendant, theories of liability, and remedies sought are distinct.

The state court action is for declaratory judgment on the validity of a security interest in specific collateral given to the Bank by the judgment debtors, and foreclosure of said collateral. KHR is the sole party defendant. No money damages are sought. The factual issue raised in the state action is whether the judgment debtors violated the covenant of good faith and fair dealing implied in a certain forbearance agreement they entered with the Bank. Only a single transaction is at issue and the question before the Court is whether that transfer destroyed the benefit of the bargain previously negotiated between the judgment debtors and the Bank.

By contrast, the scope of the federal complaint is considerably more extensive. It involves actions which are grounded in principles of tort and equity rather than the relatively straight forward exercise of enforcing a security interest granted under a loan agreement. This action seeks common law and statutory remedies against individual defendants not party to the state action based upon their wrongful actions; conduct entirely apart from the judgment debtors' breach of the implied covenant at issue in the state action. See G.L. c. 109A, §§ 9, 10; Richman v. Leiser, 18 Mass.App.Ct. 308 (1984) (transferee who knowingly participates in fraudulent conveyance personally liable to defrauded creditor).

This and the Suffolk Superior Court action are not mere pieces of the same litigation. They are separate actions which seek satisfaction of judgments now outstanding for over eight

years against the responsible party in each case. What common issues exist between the cases have already been decided and will not be re-litigated in either court. What remains is the Bank's exercise of its various contractual, common law and statutory remedies in satisfaction of its claims based upon those prior findings. There is nothing which requires this Court's abstention or denial of the Bank's right to enforce the remedies asserted through its complaint before a federal court.

## CONCLUSION

For the reasons stated, the Bank requests that the defendants' motion to dismiss be denied.

CITIZENS BANK OF MASSACHUSETTS

By its attorneys,

Robert L. Hamer, Esq., BBO #218715
Philip J. McGovern, Esq., BBO #559824
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax:   (508) 791-8502

Dated: January 23, 2004

## CERTIFICATE OF SERVICE

I, Philip J. McGovern, Esq., hereby certify that I have this day served a copy of the foregoing document, by mailing a copy, first class mail, postage prepaid, to **Thomas J. Flannagan, Esq. and William H. Sheehan, III, Esq,** MacLean, Holloway, Doherty, Ardiff & Morse, P.C., 8 Essex Center Drive, Peabody, MA 01960.

Dated: January 23, 2004

Philip J. McGovern, Esq.