



COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
SUFFOLK DIVISION
CIVIL ACTION NO.

03-2798 G

| |
|---|
| CITIZENS BANK OF MASSACHUSETTS,<br>Plaintiff<br><br>V.<br><br>KHR PROPERTIES, INC.<br>Defendant |

**COMPLAINT**



### Parties

1. The plaintiff, Citizens Bank of Massachusetts (the "Bank") is a duly formed banking institution with a usual place of business located at 53 State Street, Boston, Massachusetts, and is the successor-in-interest to USTrust.

2. The defendant, KHR Properties, Inc. ("KHR"), is a Massachusetts corporation with a usual place of business located at 84 Franklin Avenue, Swampscott, Massachusetts. KHR holds all limited partnership interests in Tanglewood LP.

### Facts

3. The Bank is the holder of an unsatisfied execution against David Rostoff ("Rostoff"), dated January 19, 1995, in the amount of $250,270.50 issued in the case of <u>USTrust f/k/a USTrust/Norfolk v. James Harris, David Rostoff, Neil Rostoff, Richard Rostoff and Steven Rostoff, et al</u>, Suffolk Superior Court, Civil Action No. 94-1237 (the "Rostoff Execution"). A true copy of the Rostoff Execution is attached as **Exhibit A**.

4. The Bank is the holder of a second unsatisfied execution against James Harris, David Rostoff, Neil Rostoff, Richard Rostoff and Steven Rostoff, jointly and severally, dated

January 19, 1995, in the amount of $21,778.30 issued in the case of <u>USTrust f/k/a USTrust/Norfolk v. James Harris, David Rostoff, Neil Rostoff, Richard Rostoff and Steven Rostoff, et al</u>, Suffolk Superior Court, Civil Action No. 94-1237 (the "Rostoff/Harris Execution"). A true copy of the Rostoff/Harris Execution is attached as **Exhibit B**.

5. By agreement dated May 24, 1989 ("Security Agreement"), Rostoff pledged his limited partnership interest in Tanglewood Limited Partnership ("Tanglewood LP"), which owned and operated an apartment complex in Hammond, Indiana, as security for repayment of certain obligations now evidenced by the executions. A true copy of the Security Agreement is attached as **Exhibit C**.

6. The Security Agreement provided, <u>inter alia</u>, that "[u]pon any default, [the Bank] shall have the right to receive distributions and may, at [the Bank's] option, elect to step in as Limited Partner in [Tanglewood LP]." Security Agreement, ¶4.

7. The Bank duly perfected its security interest in Rostoff's share of Tanglewood LP investment and has maintained that continuing record interest by timely renewal of its financing statements.

8. Thereafter, in reliance upon, <u>inter alia</u>, partial payment and a new promissory note executed and delivered by Rostoff dated February 24, 1995, by which he promised to pay $47,348 over two years, the Bank released its security interest in Rostoff's Tanglewood LP shares and agreed to forgive the remaining balance due on the outstanding executions. The parties' agreement is memorialized in a Mutual Release and Settlement Agreement of even date ("Forbearance Agreement"). A true copy of the Forbearance Agreement is attached as **Exhibit D**.

9. Rostoff promptly again defaulted on his payment obligations and conspired with his wife through transfers of assets, including a limited partnership interest in Hickory Ridge Limited Partnership, to render himself judgment-proof, thereby destroying the Bank's right to receive further payments and the benefit of its bargain in consideration for the release of its security interest. See United States of America v. Rostoff, 966 F.Supp. 1275 (D. Mass. 1997).

10. Rostoff transferred his interest in Tanglewood LP to the defendant, KHR, a corporation owned by his wife and the spouse of a co-debtor and former business partner. KHR remains the holder of the Tanglewood LP interest formerly held by Rostoff and pledged to the Bank.

11. By the terms of the Forbearance Agreement, Rostoff's default negated the Bank's forgiveness of debt due under the outstanding executions, except to the extent payment was actually received.

12. Rostoff was granted a discharge of his debt, evidenced by the outstanding executions, in bankruptcy on June 28, 2002. However, the effect of such order is merely to prohibit recovery of the debt from him. The debt owed the Bank continues to the extent it may be collected from others. See Citizens v. Callahan, 38 Mass. App. Ct. 702, 704 (1995).

## COUNT I: Rostoff Security Interest

13. The Bank restates and realleges the allegations contained in paragraphs 1 through 12 of the Complaint.

14. Rostoff's default and wrongful acts took away the foundation of the Forbearance Agreement and destroyed the Bank's right to receive the fruits of the contract.

15. The Bank is entitled to rescission of its release of its security interest in Tanglewood LP based upon the wrongful acts of the judgment debtor in abrogating the

Forbearance Agreement. As a result, the Bank continues to hold a security interest in Tanglewood LP.

### COUNT II: Strict Foreclosure of Rostoff Security Interest

16. The Bank restates and realleges the allegations contained in paragraphs 1 through 15 of the Complaint.

17. The Bank notified David Rostoff of its intent to accept the limited partnership interests in Tanglewood LP pledged by Rostoff, in full satisfaction of the secured obligation (now evidenced by the executions) pursuant to M.G.L. c. 106, § 9-620(c)(2)(A) via certified mail, return receipt requested, on April 24, 2003. A true copy of this letter is attached as **Exhibit E**.

18. The Bank did not receive a written objection to the proposed strict foreclosure within 20 days of its notice as permitted by statute, but instead Rostoff challenged the Bank's right to rescission, particularly following his bankruptcy.

19. Pursuant to M.G.L. c. 106, § 9-620(c)(2), David Rostoff has consented to the Bank's proposed strict foreclosure.

20. There are no intervening entities requiring notification pursuant to M.G.L. c. 106, § 9-621.

21. The Bank is entitled to hold the interest pledged by Rostoff in Tanglewood LP and is the true owner of that interest.

### COUNT III: Accounting

22. The Bank restates and realleges the allegations contained in paragraphs 1 through 21 of the Complaint.

23. Pursuant to the terms of the Security Agreement, see ¶6, supra, which are in force due to Rostoff's default under the Forbearance Agreement, the Bank is entitled to receive partnership distributions from Tanglewood LP upon Rostoff's default.

24. The Bank requests that the Court order KHR to produce an accounting of such distributions since January 19, 1995.

WHEREFORE, the plaintiff, Citizens Bank of Massachusetts, demands that the Court:

    a. preliminarily enjoin KHR from transferring, selling, conveying, or otherwise disposing of property, rights or any interest in property outside the ordinary course of its business pending trial;

    b. declare that the Bank's security interest in David Rostoff's limited partnership interests in Tanglewood LP transferred to KHR is valid, its prior release of that interest having been rescinded;

    c. declare that the Bank is the owner of the limited partnership interests in Tanglewood LP originally pledged by Rostoff and is entitled to all benefits thereof;

    d. order KHR to produce an accounting of all partnership distributions received since January 19, 1995, however characterized, and pay the Bank such amount therefrom as is attributable to the shares pledged by David Rostoff; and

    e. such other and further relief as this Court deems just and proper.

**CITIZENS BANK OF MASSACHUSETTS**

By its attorneys,

_____
Robert L. Hamer, Esq., BBO #218715
Kristin D. Thompson, Esq., BBO #(pending)
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477
Phone: (508) 791-8500
Fax: (508) 791-8502

Dated:



Case 1:03-cv-12442-WGY     Document 8-2     Filed 01/26/2004     Page 7 of 19

# Commonwealth of Massachusetts

SUFFOLK, ss.                                                      SUPERIOR COURT DEPARTMENT
                                                                  OF THE TRIAL COURT
                                                                  FOR CIVIL BUSINESS

*To the Sheriffs of our Several Counties, or their Deputies,* ~~or to any Constable of our City of Boston,~~

GREETING:

WHEREAS US TRUST, formerly known as US Trust/Norfolk, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ~~of Boston, within our County of Suffolk,~~ . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

by the consideration of our Justices of our Superior Court, holden at Boston, for and within our County of Suffolk, aforesaid, to wit, on the . . twenty-ninth . . . . .day of . . . August . . . . . A.D. 1994, recovered judgment against . DAVID R. ROSTOFF, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ~~of said Boston,~~

Civil Action
No. 94-1237

$250,270.50
------------
. . . . . . . . . .
$250,270.50

for the sum of . - - - two hundred fifty thousand two hundred seventy - - - dollars and - - - - fifty - - - - . .cents, damages, and~~- - - - - - - - - - - - - - - - - - - - - - - -dollars and - - - - - - - - - - - - - - - - - - - - cents,~~ costs of suit, as to us appears of record, whereof execution remains to be done on this, the . . . . . first . . . . . . . . . .execution: . . . . . . . . . . . . . . .

*Interest after Judgment in the sum of $11,234.62 included in Writ of Execut
Rule 54(F)

We command you, therefore, that of the goods, chattels, or lands of the said judgment debtor          , within your precinct, you cause to be paid and satisfied unto the said judgment creditor          , at the value thereof in money, the aforesaid sums, being - -250,270- - - . . dollars and . . - - - -50- - - - . cents, in the whole, with interest thereon from said day of the issuance of execution ~~rendition of said judgment,~~ and thereof also to satisfy yourself for your own fees; and for want of goods, chattels, or lands of the said judgment debtor          to be by him shown unto you, or found within your precinct to the acceptance of the said judgment creditor          to satisfy the sums aforesaid with interest as aforesaid we command you to take the *body* of the said judgment debtor   , and him commit unto our jail in Boston, in our County of Suffolk, or any jail in your precinct aforesaid, and detain in your custody within our jail, until he pay the full sums above mentioned with your fees, or that   he be discharged by the said judgment creditor   , or otherwise, by order of law. Hereof fail not, and make return of this writ with your doings thereon into the clerk's office of our said Court, at Boston within our County of Suffolk, within twenty years after the date of the said judgment, or within ten days after this writ has been satisfied or discharged.

Witness, ROBERT A. MULLIGAN, ~~ROBERT XXX STEADMAN XX~~ Esquire, at Boston, the . . . nineteenth . . . . . day of . . . January . . ., in the year of our Lord one thousand nine hundred and . . . ninety-five . .

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . Clerk/Magistrate

FORM CIV.P 74  7-92  1000

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    SUPERIOR COURT DEPARTMENT
                                                OF THE TRIAL COURT
                                                CIVIL ACTION
                                                No. 94-1237

US TRUST, FKA

_____, Plff(s)

v.

DAVID R. ROSTOFF

_____, Deft(s)

**EXECUTION**
(Mass. R. CIV. P. 69)

August, 2014

**ATTORNEY(S)**

Messrs. Shafner & Gilleran
Craig Ziady, Esquire
Michael C. Gilleran, Esquire

Common 20 yrs.



**Commonwealth of Massachusetts**

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
FOR CIVIL BUSINESS

SUFFOLK, ss.



To the Sheriffs of our Several Counties, or their Deputies, ~~or to any Constable of our City of Boston~~,

GREETING:

WHEREAS .... US TRUST, formerly known as US TRUST/NORFOLK, ........

~~of Boston, within our County of Suffolk,~~

~~Defendant~~ -- , Plaintiff, ....................

by the consideration of our Justices of our Superior Court, holden at Boston, for and within our County of Suffolk, aforesaid, to wit, on the twenty-ninth day of August A.D. 19 94, recovered judgment against JAMES I. HARRIS, DAVID R. ROSTOFF, NEIL ROSTOFF, RICHARD SCOTT ROSTOFF, and STEVEN ROSTOFF,

~~of said Boston,~~

~~Plaintiff~~ --- Defendants,

for the sum of - - - twenty-one thousand seven hundred seventy-eight - - - dollars and - - - - thirty - - - - cents, costs of suit, as to us appears of record, whereof execution remains to be done on this, the .... first .......... execution:

Civil Action
No. 94-1237

----------

$21,778.30
$21,778.30

We command you, therefore, that of the goods, chattels, or lands of the said judgment debtor s , within your precinct, you cause to be paid and satisfied unto the said judgment creditor , at the value thereof in money, the aforesaid sums, being ---21,778--- dollars and ----30---- cents, in the whole, with interest thereon from said day of the rendition of said judgment, and thereof also to satisfy yourself for your own fees; and for want of goods, chattels, or lands of the said judgment debtor s  to be by  the m shown unto you, or found within your precinct to the acceptance of the said judgment creditor     to satisfy the sums aforesaid with interest as aforesaid we command you to take the bodies of the said judgment debtor s , and the m commit unto our jail in Boston, in our County of Suffolk, or any jail, in your precinct aforesaid, and detain in your custody within our jail, until they pay the full sum above mentioned with your fees, or that t he y be discharged by the said judgment creditor   , or otherwise, by order of law. Hereof fail not, and make return of this writ with your doings thereon into the clerk's office of our said Court, at Boston within our County of Suffolk, within twenty years after the date of the said judgment, or within ten days after this writ has been satisfied or discharged.

ROBERT A. MULLIGAN,
Witness, ~~XXXXXXXXXXXXXX~~ Esquire, at Boston, the ............ nineteenth ............ day of ... January ........., in the year of our Lord one thousand nine hundred and ninety-five

................................................. Clerk.

Form CIV. P. 73    (20 yrs.)

# COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                    SUPERIOR COURT DEPARTMENT
                                                OF THE TRIAL COURT
                                                CIVIL ACTION
                                                No. 94-1237

US TRUST, FKA

_____, Plff(s).

v.

HARRIS ET AL

_____, Deft(s).

## EXECUTION
(Mass. R. CIV. P. 69)

August, 2014

ATTORNEY(S)

Messrs. Shafner & Gilleran
Craig Ziady, Esquire
Michael C. Gilleran, Esquire

20 yrs.



## SECURITY AGREEMENT AND
## ASSIGNMENT OF PARTNERSHIP INTEREST

THIS SECURITY AGREEMENT AND ASSIGNMENT OF PARTNERSHIP INTEREST ("Agreement"), made this 24th day of May, 1989, by and between the undersigned David R. Rostoff (hereinafter referred to as "Pledgor") and UNITED STATES TRUST COMPANY (hereinafter referred to as "Pledgee")

WITNESSETH, THAT:

WHEREAS, Pledgee is the holder of two certain Promissory Notes of even date herewith, each in the principal sum of $145,613.00, made by Pledgor (the "Notes"); and

WHEREAS, Pledgor is the owner of two (2) units of limited partnership interest in the Tanglewood Limited Partnership (the "Partnership"); and

WHEREAS, as an inducement to Pledgee to loan the principal sums as aforesaid, Pledgor has agreed to execute this Security Agreement and Assignment of Partnership Interest ("Agreement"), in connection with his execution of the Notes, to provide a security interest in the said two (2) units of limited partnership interest in the Partnership (the "Collateral"), as collateral security for the performance by Pledgor of his obligations under the Notes and other obligations referenced herein;

NOW, THEREFORE, in consideration of the mutual covenants and agreements herein contained and of other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, accepted and agreed to, and intending to be legally bound, Pledgor does hereby warrant, represent, and covenant unto Pledgee as follows:

1. **SECURITY.**

As security for all of Borrower's obligations to Pledgee under the Notes (the "Obligations"), Pledgor hereby assigns and transfers to Pledgee, and grants to Pledgee a first priority security interest in and to the Collateral.

2. **OWNERSHIP OF COLLATERAL.**

The collateral assignment hereunder is absolute and is effective immediately. However, until the occurrence of a default under the Notes and lapse of any applicable grace or cure periods thereunder, and thereafter if, as and when any such default is cured, Pledgor may own, hold and deal with, and exercise his rights and powers with respect to, the Collateral and receive

distributions with respect thereto, all subject to this Agreement and the Notes.

### 3. REPRESENTATIONS AND WARRANTIES.

Pledgor represents and warrants that:

3.1.  Pledgor is the sole owner of the Collateral;

3.2.  There are no outstanding security interests in or liens or encumbrances on the Collateral; and

3.3.  Pledgor will not, without the prior written consent of Pledgee, sell, transfer, hypothecate or otherwise dispose of, encumber, or refinance, or permit any other security interest to attach to the Collateral.

### 4. DEFAULT.

Upon any default and lapse of applicable grace or cure periods under the Notes, Pledgee may, at its option, exercise from time to time any or all rights or remedies available to it under the Notes, under any other document or instrument executed pursuant to or in connection with the Notes, or hereunder, or under the Uniform Commercial Code (or other applicable law) of any applicable jurisdiction or otherwise available to Pledgee, including the right to sell or dispose of any or all of the Collateral. Pledgor agrees that Pledgee may become the purchaser at any such sale, and that the proceeds of any such sale shall be applied as follows: (a) first, to satisfy any obligation of Borrower under the Notes and the undersigned hereunder then outstanding, and (b) then, any excess shall be paid over to Pledgor. Upon any default, Pledgee shall have the right to receive distributions and may, at Pledgee's option, elect to step in as Limited Partner in the Partnership.

### 5. WAIVER.

Any failure of Pledgee to exercise any rights available hereunder or otherwise shall not be construed as a waiver of the right to exercise the same or any other right at any other time.

### 6. COST OF COLLECTION.

Pledgor shall pay all costs of collection and attorney's fees paid or incurred in enforcing any of Pledgee's rights hereunder or otherwise in connection with the Collateral promptly on demand of Pledgee.

7. **FURTHER ASSURANCES.**

Pledgor shall execute and deliver such further documents and do such acts and things as Pledgee may request at any time and from time to time for the purpose of further assurance, of effecting the purpose of this Agreement, and of perfecting the security interest created hereunder.

8. **GOVERNING LAW.**

This Agreement and the rights and liabilities of the parties hereunder shall be construed and interpreted in accordance with the laws of the Commonwealth of Massachusetts.

9. **SEVERANCE.**

If any provision of this Agreement or the application of such provision to any person or circumstance, shall be held invalid, the remainder of this Agreement, or the application of such provisions to persons or circumstances other than those to which it is held invalid, shall not be affected thereby.

10. **CAPTIONS.**

The captions appearing herein are used for reference only and shall not be construed as limiting anything set forth herein.

11. **ASSIGNMENT; DELEGATION; BINDING EFFECT.**

This Agreement is assignable and transferable only by Pledgee. Each reference herein to Pledgee shall be deemed to include its successors and assigns, in whose favor the rights and privileges of this Agreement shall also run. The duties and obligations of Pledgor may not be delegated or transferred by Pledgor without the prior written consent of Pledgee. The duties and obligations of Pledgor shall bind Pledgor's heirs, personal representatives, executors, successors, and assigns.

12. **COUNTERPARTS.**

This Agreement may be executed in one or more counterparts, each of which shall for all purposes be deemed an original, and all of such counterparts shall together constitute but one and the same document.

13. **MULTIPLE PLEDGORS.**

If this Agreement is to be executed by more than one party, then it is specifically agreed that the liability of each party shall attach fully at the time of such party's execution hereof, without regard to the failure of any other party to execute this

Agreement and such liability shall, for all purposes, be joint and several.

**14. TERMINATION; REINSTATEMENT.**

Pledgor's obligations hereunder shall terminate, and this Agreement shall be released, upon payment and performance in full of the obligations under the Notes.

**15. NOTICES.**

All notices hereunder shall be in writing and shall be deemed to have been duly given for all purposes when: (i) deposited in the United States mail (by registered or certified mail, return receipt requested, postage prepaid); or (ii) deposited with a nationally recognized overnight delivery service such as Federal Express or Airborne. Each notice hereunder must be directed to the party to receive the same at its address stated below or at such other address as may be substituted by notice given as herein provided.

The addresses are:

    Pledgee:  United States Trust Company
                55 Court Street
                Boston, MA  02108

                Attention:  Kevin T. Bottomley
                          Vice-President
                          Private Client Group

                with a copy to:

                Peter B. Finn, Esq.
                Rubin and Rudman
                50 Rowes Wharf
                Boston, MA  02110

    Pledgor:  David R. Rostoff
                182 Newbury Street
                Peabody, MA  01960

Agreement and such liability shall, for all purposes, be joint and several.

**14. TERMINATION; REINSTATEMENT.**

Pledgor's obligations hereunder shall terminate, and this Agreement shall be released, upon payment and performance in full of the obligations under the Notes.

**15. NOTICES.**

All notices hereunder shall be in writing and shall be deemed to have been duly given for all purposes when: (i) deposited in the United States mail (by registered or certified mail, return receipt requested, postage prepaid); or (ii) deposited with a nationally recognized overnight delivery service such as Federal Express or Airborne. Each notice hereunder must be directed to the party to receive the same at its address stated below or at such other address as may be substituted by notice given as herein provided.

The addresses are:

    Pledgee:  United States Trust Company
                 55 Court Street
                 Boston, MA  02108

                 Attention:  Kevin T. Bottomley
                            Vice-President
                            Private Client Group

                 with a copy to:

                 Peter B. Finn, Esq.
                 Rubin and Rudman
                 50 Rowes Wharf
                 Boston, MA  02110

    Pledgor:  David R. Rostoff
                 182 Newbury Street
                 Peabody, MA  01960

IN WITNESS WHEREOF, the parties have duly executed this Agreement the day and year first above written.

UNITED STATES TRUST COMPANY

By: _____        _____
    Hereunto Duly Authorized             David R. Rostoff

-4-

COMMONWEALTH OF MASSACHUSETTS        )
COUNTY OF __Suffolk__ , SS.          )

   On this, the 24th day of May, 1989, before me personally appeared David R. Rostoff, known to me (or satisfactorily proven) to be the person whose name is subscribed to the foregoing instrument, and acknowledged that he executed the same for the purposes therein contained as his free act and deed.

   IN WITNESS WHEREOF, I hereunto set my hand and official seal.

                                    _____
                                    Notary Public
                                    My Commission Expires: 12/4/92


COMMONWEALTH OF MASSACHUSETTS        )
COUNTY OF __Suffolk__ , SS           )

   On this, the 12 day of June, 1989, before me personally appeared Kevin T. Bottomley, in his capacity as Senior Vice President of United States Trust Company, known to me (or satisfactorily proven) to be the person whose name is subscribed to the foregoing instrument, and acknowledged that he executed the same for the purposes therein contained as his free act and deed, in said capacity..

   IN WITNESS WHEREOF, I hereunto set my hand and official seal.

                                    _____
                                    Notary Public
                                    My Commission Expires: 1-18-96

-5-